UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PULLAM, | Case No.  1:24-cv-01499-HBK |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER |
| v. | |
| C H REY TRANSPORT, INC., et al., | (Doc. 27) |
| Defendants. | |

Pending before the Court is Defendants C H Rey Transport, Inc. and Reinaldo Frias's motion to modify the scheduling order, or alternatively to deem their March 13, 2026 expert disclosures timely *nunc pro tunc*. (Doc. 27).  Plaintiff Thomas Pullam filed an Opposition on May 4, 2026,[1] and Defendants filed a Reply on May 11, 2026.  (Docs. 28, 29).  For the reasons below, the Court grants Defendants' motion to the extent it extends the expert disclosure deadline.

////

////

---

[1] The Opposition is unsigned.  (Doc. 28 at 6).  In the interest of time and judicial economy, the Court declines to strike the unsigned pleading.

BACKGROUND AND ARGUMENTS

This expert discovery dispute arises from the parties' disagreement over whether Defendants' March 13, 2026 expert disclosure, which was served by email with a ShareFile link to the expert reports, constituted proper service.  Defendants contend that the parties have mutually served documents by email throughout this litigation, and that Plaintiff, without warning objected to the March 13, 2026 disclosure.  Defendants assert that the expert disclosures were timely under the Case Management and Scheduling Order and that they used a ShareFile link because of the size of the reports and to protect Plaintiff's confidential mental health, psychological, and medical information.  Defendants ask the Court to deem the disclosure timely served or, alternatively, to extend the expert discovery deadline so they may physically serve their expert disclosures.

Plaintiff opposes the Motion on the basis that he did not expressly consent to service by electronic means.  He further argues that typical e-service involves actual transmission of documents electronically, whereas here Defendants provided a hyperlink to a private ShareFile portal.  According to Plaintiff, the need to create an account, provide credentials, and navigate Defendants' proprietary system before accessing the reports means service was not completed upon sending the hyperlink.  Plaintiff contends that neither Federal Rule of Civil Procedure 5 nor Local Rule 135 authorizes service via private portals requiring authentication.  He further opposes any modification of the scheduling order and argues that Defendants' failure to promptly cure the defect precludes relief under Rule 16.  (*Id.* at 4-5).

APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 5(b)(2)(E)

Rule 5 permits service "by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing."  Fed. R. Civ. P. 5(b)(2)(E).  The Advisory Committee Notes to the 2001 Amendment explain that consent to electronic service must be express and cannot be implied by past conduct.  Courts consistently hold that consent must be express. *J.M. v. Red Roof Inns, Inc.*, No. 2:22-CV-00672-KJM-JDP, 2024 WL 4534479, at *1 (E.D. Cal. Oct. 21, 2024), *appeal dismissed,* No. 24-7013, 2025 WL 3458624 (9th Cir. Oct.

28, 2025) (finding that responses to requests for admissions placed "into a repository" accessible via link did not constitute proper service where the receiving party did not expressly consent to service by that means); *Kan v. Verdera Cmty. Association*, No. 22-00348, 2024 WL 3861762, at *4 (E.D. Cal. Aug. 19, 2024) (informal practice of serving documents electronically does not satisfy the requirement of written, express consent), *report and recommendation adopted*, No. 22-00348, 2024 WL 4437278 (E.D. Cal. Oct. 4, 2024); *Calderon v. IBEW Local 47*, 508 F.3d 883 (2007) ("service may be made by electronic means only if the party served consents thereto").

Under this Court's Local Rules, a "Notice of Electronic Filing" automatically generated after a document is filed via CM/ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(E).  L.R. 135(a).  However, registering for electronic case filing does not amount to blanket consent to all forms of electronic service.  *See De Freitas v. Hertz Corporation*, 720 F. Supp. 3d 993, 1011 (D. Nev. 2024) (reasoning that automatically treating CM/ECF registration as consent to all electronic means of service "would render FRCP 5(b)(2)(E) meaningless and lead to absurd results").

The Ninth Circuit recognizes an "exceptional good cause" exception that can cure technically defective service.  See *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431 (9th Cir. 1996).  Here, Defendants cannot invoke that exception because Plaintiffs neither explicitly nor implicitly consented to service ShareFile.  On this record, Defendants' March 13, 2026 expert disclosure was defective and, therefore, untimely.

Federal Rule of Civil Procedure 16(b)(4)

Rule 16(b)(4) allows the Court to modify a scheduling order for good cause.  Fed. R. Civ. P. 16(b)(4).  The primary consideration is the diligence of the party seeking modification, and the Court also considers prejudice against the opposing party.  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).

Defendants were diligent.  They disclosed their expert reports in compliance with the original Case Management and Scheduling Order deadline.  They attempted to meet and confer with Plaintiff and to use the Court's informal discovery process before seeking formal relief.  Plaintiff does not dispute that he had timely access to the reports if he chose to use ShareFile.  Defendants offered a good faith, reasonable explanation for using ShareFile.  Plaintiff fails to

show prejudice, and neither party contends that extending the expert disclosure or other deadlines will affect the trial date.  The Court therefore finds good cause to extend the expert disclosure deadline.

Federal Rule of Civil Procedure 37(c)(1)

Although Rule 37(c)(1) provides a self-executing sanction, it does not apply where late disclosures are substantially justified or harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37 Advisory Committee Notes (1993).

The record contains no evidence that Defendants sought to hide their reports or gain a tactical advantage.  They timely disclosed their expert reports, albeit through an imperfect method of service.  Any delay in Plaintiff's access resulted from disagreement over the mechanics of service, not from willfulness or bad faith.  Excluding Defendants' expert reports would be an unduly harsh sanction and disproportionate.  *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012) (holding that where a Rule 37 sanction would effectively eliminate a party's evidence, the court must consider willfulness, fault, or bad faith).

Accordingly, IT IS ORDERED:

1.  Defendants C H Rey Transport, Inc. and Reinaldo Frias's motion to modify the scheduling order (Doc. 27) is GRANTED as set forth herein.

2.  No later than July 10, 2026, Defendants and Plaintiff shall agree on a method for Defendants' expert disclosures.  If the parties do not consent in writing to service under Rule 5(b)(2)(E) or (F), Defendants shall serve their expert disclosures no later than July 13, 2026 by the methods authorized in Rule 5(b)(2)(A), (B) or (C).

3.  Any expert rebuttal report is due fourteen (14) days after the service described in paragraph 2.

4.  No later than August 3, 2026, the parties shall submit a Joint Settlement Statement indicating whether they have engaged in settlement discussions or mediation and whether they request the Court to set a settlement conference before a United States Magistrate Judge or utilize the Court's Alternative Dispute Resolution Program.

////

5. All other deadlines in the Case Management and Scheduling Order (Doc. 12) remain in effect.

Dated:    July 6, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5