UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PULLAM,<br>Plaintiff,<br>v.<br>C H REY TRANSPORT, INC., et al.,<br>Defendants. | Case No. 1:24-cv-01499-HBK<br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND AMEND ANSWER<br>(Doc. 31) |

Pending before the Court is the motion of Defendants C H Rey Transport, Inc. and Reinaldo Frias to modify the Case Management and Scheduling Order and to permit Defendants to file an amended answer to add an affirmative defense. (Doc. 31). The motion was filed on June 29, 2026. Defendants attach a proposed amended answer as Exhibit 5 to the Declaration of Gabriel Ullrich filed in support of their motion, which adds Affirmative Defense Number 17. (Doc. 31 at 69-73, Decl. Ullrich, Ex. 5). Defendants seek leave to amend their answer to add an affirmative defense under Proposition 213 and Civil Code section 3333.4 after learning, through a subpoena response from State Farm Insurance, that Plaintiff was not insured on the date of the accident despite Plaintiff's representations in his responses and at his deposition that he was insured. Plaintiff Thomas Pullam did not file an opposition, and the time for doing so under Local Rule 230(c) has expired.

The record reflects that the Case Management Scheduling Order set a deadline of July 25, 2025, to amend pleadings. (Doc 12). Thus, Defendants seek leave to amend their answer after the deadline for amendments set by the Case Management and Scheduling Order, and their motion is governed initially by Rule 16 of the Federal Rules of Civil Procedure. Because the motion was filed after the scheduling-order deadline, Defendants must first satisfy Rule 16(b)(4)'s requirement that the schedule may be modified "only for good cause and with the judge's consent" before the Court applies Rule 15(a)'s more liberal standard for amendment. *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-08 (9th Cir. 1992) (holding once a pretrial scheduling order is issued, Rule 16's standards control). The primary consideration under Rule 16 is the diligence of the party seeking modification, and the Court also considers prejudice to the opposing party. *See id*. at 609.

Good cause and diligence exist here. Defendants represent that they learned the facts giving rise to the proposed new affirmative defense only after obtaining information from a subpoena to State Farm in January 2026. On the present record, the Court finds Defendants acted diligently for purposes of Rule 16 because the factual basis for the proposed defense was not available to them before receipt of the subpoenaed insurance-carrier materials, and Defendants sought amendment within a reasonable time after learning those facts. The explanation for the delay is adequate, the proposed amendment appears important to the merits, and any prejudice can be addressed through ordinary case-management measures.

Having found good cause under Rule 16, the Court next considers Defendants' motion to amend under Rule 15(a). Under Rule 15(a)(2), in cases not covered by amendment as a matter of course, a party may amend its pleading only with the opposing party's written consent or the Court's leave, and "[t]he court should freely give leave when justice so requires." In determining whether leave to amend is appropriate under Rule 15, courts consider four factors: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

While the Court finds the approximately six-month delay between Defendants learning of the facts and filing the motion somewhat troubling, delay alone does not justify denial off leave to

amend given the other factors. *Schueder v. Holland Am. Line, Inc.*, No. C05-0132C, 2005 WL 8172498, at *2 (W.D. Wash. Nov. 3, 2005) (finding five-month delay "troublesome," but permitting amendment where trial remained seven months away and no prejudice was shown). Here, the Court finds no sufficient showing of bad faith, undue delay, or undue prejudice that would warrant denial of leave under Rule 15. The proposed amendment is limited to adding an affirmative defense based on newly discovered facts and is therefore appropriate on this record.

Accordingly, IT IS ORDERED:

1. Defendants C H Rey Transport, Inc. and Reinaldo Frias's motion to modify the Case Management and Scheduling Order and for leave to amend (Doc. 31) is GRANTED as set forth herein.
2. The Case Management and Scheduling Order is modified for the limited purpose of permitting Defendants to file an amended answer adding the proposed affirmative defense.
3. Defendants shall file and serve their amended answer, in the form attached to the motion (Doc. 31 at 69-73), within 14 days of entry of this Order.
4. Plaintiff shall have the time allowed by the Federal Rules of Civil Procedure, or any other applicable order of this Court, to respond to the amended answer.
5. To the extent necessary to avoid prejudice, the parties shall meet and confer within 14 days regarding any limited additional discovery directed to the newly added affirmative defense, and shall promptly submit any dispute to the Court.
6. All other deadlines in the Case Management and Scheduling Order (Doc. 12) as previously amended (Doc. 32) remain in effect.

Dated: July 28, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE