UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS PULLAM,<br><br>Plaintiff,<br><br>v.<br><br>C H REY TRANSPORT, INC. and REINALDO FRIAS,<br><br>Defendants. | Case No. 1:24-cv-01499-HBK<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY<br><br>(Doc. 59)<br><br>ORDER DIRECTING PLAINTIFF TO OBTAIN NEW COUNSEL OR NOTIFY THE COURT WHETHER HE INTENDS TO PROCEED PRO SE<br><br>NOVEMBER 30, 2026 DEADLINE<br><br>CLERK TO UPDATE DOCKET AND SERVE PLAINTIFF |

Attorney Matthew J. Kracht and Silva Injury Law, Inc. (collectively, "Counsel") move to withdraw as counsel for Plaintiff Thomas Pullam. (Doc. 59). Kracht submitted a supporting declaration. (*Id.* at 5–6). For the reasons below, the motion is granted.

Background

The parties participated in a settlement conference on October 7, 2026, but did not reach a settlement. (*Id.* at 2). The next day, Plaintiff notified Kracht in writing that he was terminating the representation and directed Kracht to take no further action on his behalf without authorization. (*Id.*). Counsel acknowledged the discharge, provided Plaintiff with his client file

and a list of upcoming dates and deadlines, and sent him a substitution of attorney form. Plaintiff did not respond. (*Id.* at 2–3).

Counsel seeks withdrawal based on Plaintiff's written discharge, a copy of which is attached to the motion. (*Id.* at 3, 8). Kracht's declaration provides Plaintiff's current or last known address, and states that Defendants do not oppose withdrawal. (*Id.* at 6). On October 13, 2026, the Court ordered expedited briefing on the motion. (Doc. 61). Neither Plaintiff nor Defendants filed a response to the motion.

<u>Legal Standard</u>

Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court." A motion to withdraw must describe counsel's efforts to notify the client and provide the client's last known address. E.D. Cal. L.R. 182(d). Withdrawal is also governed by the California Rules of Professional Conduct, which require withdrawal when "the client discharges the lawyer." Cal. R. of Pro. Conduct 1.16(a)(4).

The decision whether to permit withdrawal rests within the Court's discretion. *Campbell v. Obayashi Corp.*, 424 F. App'x 657, 658 (9th Cir. 2011); *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). In exercising that discretion, the Court balances the equities, including the grounds for withdrawal and its effect on other litigants and the resolution of the case. *McClain v. Am. Credit Resol., Inc.*, No. 18-cv-01599-TLN-AC, 2020 WL 8619963, at *2 (E.D. Cal. Apr. 6, 2020). The Court may impose appropriate conditions on withdrawal. E.D. Cal. L.R. 182(d).

<u>Discussion</u>

Good cause supports withdrawal here. Plaintiff expressly discharged Counsel, triggering the obligation to withdraw under California Rules of Professional Conduct 1.16(a)(4). *See also CBC Framing, Inc. v. Flores*, No. CV 08–00150 MMM, 2009 WL 10672571, at *2 (E.D. Cal. June 8, 2009); *Lockhart v. Travelers Com. Ins. Co.*, No. 1:21-cv-00268-DAD-SKO, 2021 WL 1561241, at *2 (E.D. Cal. Apr. 21, 2021). A client's right to discharge his attorney "is absolute." *Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea*, 838 F.2d 395, 395–96 (9th Cir. 1988) (quoting *Fracasse v. Brent*, 6 Cal.3d 784, 79 (1972)).

Withdrawal will not unduly prejudice Defendants or unreasonably delay this action.

Defendants do not oppose the motion, and Plaintiff has filed no response. Although this case had reached the pretrial stage, the Court vacated all pretrial and trial dates on October 20, 2026. (Doc. 65). Plaintiff or new counsel therefore has time to address the pending motions in limine and prepare for trial. *See Taylor v. Kuerston*, No. 2:19-cv-00450-TLN-KJN, 2021 WL 2942045, *2 (E.D. Cal. July 13, 2021) (permitting withdrawal where trial had been rescheduled and the prejudice from denying plaintiff's request to discharge counsel outweighed the prejudice to the defendants from the delay).

The Court finds the balance of equities favors granting the motion and providing Plaintiff a deadline to obtain new counsel or notify the Court whether he intends to proceed pro se.

Accordingly, IT IS ORDERED:

1. Counsel's motion to withdraw as counsel (Doc. 59) is GRANTED. Attorney Matthew J. Kracht and Silva Injury Law, Inc. are relieved as counsel of record for Plaintiff.
2. The Clerk of Court shall remove Attorney Matthew J. Kracht and Silva Injury Law, Inc. as counsel for Plaintiff.
3. No later than November 30, 2026, Plaintiff shall either have new counsel enter an appearance on his behalf or notify the Court in writing whether he intends to proceed pro se.
4. The Clerk of Court shall update the docket to reflect Plaintiff's last known mailing address (Doc. 59 at 6 ¶ 6):

   Thomas Pullam
   451 Collins Drive, Apt. 5
   Merced, CA 95341

5. The Clerk of Court shall mail a copy of this Order to Plaintiff at the address above.

Dated: October 28, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE